Marcus Gr. Christ, J.
Petitioners own a frame building formerly used as a private dwelling in a residence B district. The property was rezoned to a business district on February 28,1956.
Petitioners now propose to put the building to a business use viz.: as an office and show room, for a home improvement company and they applied to the respondent town building inspector for two permits, one to construct a dormer in the rear roof of the building, and the other to erect a roof sign.
He denied their application and this article 78 proceeding has been instituted to compel issuance of the permits. Section 102 (g) of the Building Code is relied upon as calling for the denial. That section reads as follows: “ Change oe occupancy. No change of occupancy or use shall be made in the building-hereafter erected or altered, or in any part thereof, that is not consistent with the last issued certificate of occupancy for such building unless a permit is secured. In case of any existing *281 buildings, no change of occupancy that would bring it under some special provision or law or ordinance, or duly authorized regulation, shall be made, unless the building inspector finds, upon inspection, that such building conforms to the provisions of law with respect to the proposed new occupancy and use, and issues a certificate of occupancy therefor.”
It will be observed that that section standing alone falls short of explaining the town’s position. The first sentence merely requires a permit without shedding any light on what is needed to get it. The second sentence does not help either unless we know the “ special provision ” presumably contained elsewhere, which will be violated by the new occupancy. Eight pages of quotations from the code are cited, many of which have very little to do with our problem, e.g., section 403, Height Restriction.
The parties have assumed that the requirement for slow-burning construction, for new buildings in the fire limits, apply to an alteration of an existing building. However, section 401 which defines the fire limits does not so provide. Subdivision (c) which covers alterations has definite limitations on height and also on expansion of existing buildings laterally, but it has no “ special provision ” to cover what the petitioners want to do here.
Therefore, there is no appropriate “special provision” to integrate into section 102 (g).
Signs are covered by article 10. of the Building Zone Ordinance. Signs erected in a business district in conformity with the provisions of section S-2.0 do not require a permit. No reason is advanced as to why petitioners should not comply with this article.
The application is granted as to the permit for the dormer alteration and denied as to the sign.
Settle order.